UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-81-CRS-RSE

ROBIN P.,
*on behalf of B.R.C., a minor*                                                                                  PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]                     DEFENDANT

## **MEMORANDUM OPINION & ORDER**

Pursuant to 42 U.S.C. § 405(g), Robin P. ("Claimant"), on behalf of her minor son, B.R.C., seeks judicial review of the Commissioner of Social Security's denial of her claim for supplemental security income under Title XVI of the Social Security Act. The undersigned referred this matter to United States Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. On January 8, 2024, Magistrate Judge Edwards issued her Report, concluding that the administrative law judge's decision denying SSI benefits should be affirmed. DN 23. On January 22, 2024, Claimant filed timely Objections to the Report. DN 24. This matter is now before the court for consideration of Claimant's Objections.

## **I. Background**

Claimant filed her SSI application on January 29, 2020. Her claim was denied initially and on reconsideration. A telephonic hearing was held on November 1, 2021. On December 16, 2021, the ALJ issued a written decision concluding that B.R.C. was not disabled within the meaning of the Social Security Act. Claimant requested review by the Appeals Council. On January 11, 2023, the Appeals Council denied her request. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

## II. Standard of Review

The court conducts a de novo review of the portions of Magistrate Judge Edwards' Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Specific objections "pinpoint those portions of the [magistrate judge's] report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Edwards. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

## III. Analysis

Claimant tenders two objections to Magistrate Judge Edwards' Report. Objections, DN 24. Both objections concern the ALJ's finding at step three of the three-step sequential evaluation process used to determine whether children are disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.924(a). Steps one and two of the sequential process inform the third step. At the first step, the ALJ considers whether the child is engaged in substantial gainful activity. *Id.* At step two, the ALJ considers whether the child has an

impairment or combination of impairments that is severe. *Id.* And the third step tasks ALJs with determining whether the child has an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment from 20 C.F.R., Part 404, Subpart P, Appendix 1. *Id.*

Further, to determine whether a child's impairments functionally equal a listed impairment, an ALJ must analyze the child's degree of limitation across six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi). If the ALJ finds that the child suffers from a marked limitation in two domains, or from an extreme limitation in one domain, then he must find that the child's impairments functionally equal a listed impairment, and that the child is disabled. *Id.* at (a).

At step one, the ALJ found that B.R.C. was not engaged in substantial gainful activity. ALJ Op., DN 11 at 25. At step two, he found that B.R.C. suffers from autism and ADHD and that this combination of impairments is severe. *Id.* But at step three, the ALJ found that this combination of impairments does not meet, medically equal, or functionally equal any listed impairment in Appendix 1. *Id.* at 25–29. In assessing B.R.C.'s degree of limitation across the six domains, the ALJ concluded that B.R.C. suffers from one marked limitation in attending and completing tasks. *Id.* at 27. As to the remaining domains, the ALJ found B.R.C. suffered either from a less than marked limitation or from no limitation. *Id.* Thus, the ALJ concluded that B.R.C. was not disabled. *Id.* at 29.

Claimant took issue with the ALJ's finding that B.R.C. does not suffer from a marked limitation in the domain of interacting and relating with others because the record "is replete with evidence" demonstrating B.R.C.'s difficulties interacting with peers. Claimant's F&L, DN 15-1 at 9. Specifically, Claimant argued that (1) the ALJ cherry-picked portions of the record to support that finding, *id.* at 12, and (2) there is an unresolved discrepancy between the ALJ's decision and the opinion of Jordan Royse, B.R.C's teacher, that undermines that finding. *Id.* at 12–14. After carefully reviewing the record and Royse's opinion, Magistrate Judge Edwards rejected both arguments, finding that the ALJ did not cherry-pick the record and that there is no discrepancy between the ALJ's decision and Royse's opinion. Report, DN 23 at 9–12. Claimant objects to both findings. Objections, DN 24. For the reasons below, Claimant's objections will be overruled.

### A. Claimant's First Objection: Cherry-picking

Before Magistrate Judge Edwards, Claimant argued that the ALJ cherry-picked certain portions of the record to support his decision. Claimant's F&L, DN 15-1 at 10–13. Magistrate Judge Edwards reviewed the records that Claimant alleged the ALJ ignored and concluded that the ALJ did not cherry-pick "but, instead, considered the entire record." Report, DN 23 at 8–10. Claimant objects to this finding. Objections, DN 24 at 2. As grounds, she directs the court to the very same record evidence to which she directed Magistrate Judge Edwards.

While Claimant's objection manifests disagreement with Magistrate Judge Edwards' finding, it does not specify why or how it is erroneous. As a result, Claimant has "failed to specify the findings that she believed were in error." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see Howard*, 932 F.2d at 509 (generalized objection amounts to no objection at all). Moreover, this objection does no more than urge the court to reach a contrary conclusion based

on selected record evidence. *See* Objections, DN 24 at 2. That is not sufficient to require remand. If substantial evidence supports the ALJ's decision, his decision must be affirmed even if other substantial evidence would support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*); *Ulman*, 693 F.3d at 713. For these reasons, the court will overrule Claimant's first objection.

### B. Claimant's Second Objection: Jordan Royse's Opinion

Royse opined that B.R.C. has "very serious" problems staying on task and that he frequently distracts himself and others during class. Admin. Rec., DN 11 at 248. In Claimant's view, that portion of Royse's opinion stands for the proposition that B.R.C. has "extreme limitations" in the domain of interacting and relating with others. Objections, DN 24 at 2. The ALJ found Royse's opinion to be "persuasive," but he did not find that B.R.C. has an extreme or marked limitation in that domain. ALJ Op., DN 11 at 27. Thus, Claimant argues that there is a discrepancy between the ALJ's decision and Royse's opinion that the ALJ failed to explain. Magistrate Judge Edwards found that the ALJ's decision did not conflict with Royse's opinion. Specifically, Magistrate Judge Edwards found that Claimant conflated "two separate sections of Ms. Royse's opinion to manufacture a discrepancy." Report, DN 23 at 11. The court agrees. Claimant has misread Royse's opinion.

The Commonwealth of Kentucky's Cabinet for Health and Family Services directed Royse to complete a "Teacher Questionnaire" concerning B.R.C. Admin. Rec., DN 11 at 245. In it, Royse indicated that B.R.C. has slight to serious problems acquiring and using information, *id.* at 247, very serious problems attending and completing tasks, *id.* at 248, generally no problems caring for himself, *id.* at 249, generally no problems interacting and relating with others, *id.* at 250, and no problems moving about and manipulating objects. *Id.* at 251.

Nowhere in the questionnaire did Royse opine that B.R.C. has "extreme limitations" in interacting and relating with others. Instead, she indicated that B.R.C. has "very serious" problems staying on-task and that he frequently distracts himself and others. *Id.* at 248. That limitation — which the ALJ adopted — falls under the domain of "attending and completing tasks," not under the domain of "interacting and relating with others." That is why the ALJ determined B.R.C. suffers from a marked limitation in the former domain, but not the latter. ALJ Op., DN 11 at 27. Thus, Magistrate Judge Edwards correctly found that Claimant conflated "two separate sections of Ms. Royse's opinion to manufacture a discrepancy." Report, DN 23 at 11. Accordingly, the court will overrule Claimant's second objection.

## IV. Conclusion

Upon review of Magistrate Judge Edwards' Report and Recommendation, the court concludes that Claimant's objections are meritless. Accordingly, Claimant's Objections, DN 24, are **OVERRULED** and Magistrate Judge Edwards' well-reasoned Report and Recommendation, DN 23, is **ADOPTED** in its entirety as the opinion of the court and is incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a **final Order**.

February 20, 2024

Charles R. Simpson III, Senior Judge
United States District Court